UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02582 JAK (AFMx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Djavanpour Armen Amirkhanian v. Costco Wholesale Corporation | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Cheryl Wynn | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**       **(IN CHAMBERS) PLAINTIFF'S MOTION TO REMAND (DKT. 12)**

<mark>JS-6: Remanded</mark>

**I.      Introduction**

Armen Djavanpour Amirkhanian ("Plaintiff") brought this action against Costco Wholesale Corporation ("Costco") and Does 1 through 50[1] in the Los Angeles Superior Court on October 30, 2019. Dkt. 1-1. Costco filed an answer there on December 20, 2019. Dkt. 1-2. On March 19, 2020, Costco removed the action on the basis of diversity of citizenship. Dkt. 1.

On April 20, 2020, Plaintiff filed a Motion to Remand (the "Motion"). Dkt. 12. Costco opposed the Motion on July 6, 2020. Dkt. 16. No reply was filed by Plaintiff. The Motion was taken under submission on July 22, 2020. Dkt. 17. For the reasons stated in this Order, the Motion is **GRANTED IN PART**.

**II.      Background**

        A.      The Parties

Plaintiff is a California citizen. Dkt. 1-1 ¶ 1. Costco is a Washington corporation that conducts business in California. *Id.* ¶ 2.

        B.      Allegations in the Complaint

The Complaint alleges that, on June 18, 2018, Plaintiff was walking to the exit of a Costco store in Pacoima after completing his shopping there. Dkt. 1-1 ¶¶ 5, 9. It is alleged that "a slippery substance on the floor of the checkout area" caused Plaintiff to slip and fall. *Id.* ¶¶ 5, 20. It is alleged that Plaintiff sustained "severe and permanent injuries" as a result of the fall, for which "Plaintiff was required to and did employ physicians, surgeons, and other medical personnel." *Id.* ¶ 12.

Based on these allegations, the Complaint advances two causes of action against Costco: (i)

---

[1] On June 11, 2020, Does 11-50 were dismissed from the action pursuant to L.R. 19-1. Dkt. 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02582 JAK (AFMx) | | Date | August 17, 2020 |
|---|---|---|---|---|
| Title | Djavanpour Armen Amirkhanian v. Costco Wholesale Corporation | | | |

negligence; and (ii) premises liability. *Id.* ¶¶ 7-25. The Complaint seeks general damages, medical and related expenses, loss of earnings, costs of suit, and interest. *Id.* at 7.

C.    Procedural History

Attached to the Notice of Removal is "Plaintiff's Response to Request for Statement of Damages" (the "Statement of Damages" (Dkt. 1-3)), which states that Plaintiff seeks "[m]edical, hospital, and related expenses in excess of $12,932.26" and $500,000 in general damages. Dkt. 1-3 at 1-2. The Statement of Damages, which is dated February 19, 2020, was mailed to Costco on the same date. *Id.* at 2-4. As noted, Costco removed the action on March 19, 2020. Dkt. 1.

**III.    Analysis**

A.    Legal Standards

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a).

Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000, and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). The amount in controversy requirement is satisfied if the removing party can show, by a preponderance of the evidence, that it exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Because federal courts are ones of limited jurisdiction, the removal statute is strictly construed, and any doubt as to the appropriateness of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

B.    Application

As noted, to meet its burden as to the presence of federal jurisdiction, Costco must show that the adverse parties are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441.

1.    Complete Diversity

Plaintiff, who is a California citizen, argues that Costco "should be considered a citizen of California" "[g]iven [its] substantial presence in California when compared to its presence [in] other states." Dkt. 12 at 6-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02582 JAK (AFMx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Djavanpour Armen Amirkhanian v. Costco Wholesale Corporation | | |

The standard used to decide the citizenship of a corporation for purposes of determining diversity jurisdiction is specified by statute. Thus, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). "Principal place of business" refers to the corporation's nerve center, the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Therefore, Plaintiff's citation of the "substantial predominance test" as described in *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001), which was abrogated by *Hertz*, is out of date. *See Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) ("In *Hertz*, the Supreme Court resolved [] differing circuit court interpretations and settled on the 'nerve center' test," thus "provid[ing] a uniform test for courts to apply when determining the principal place of business for federal diversity jurisdiction purposes.").

Under the applicable standards, Costco is not a citizen of California. In a declaration attached to the Opposition, Costco's counsel states that "Costco's headquarters are located in Issaquah, Washington, where its executive officers operate out of. The majority of Costco's executive and administrative functions occur in Washington; and Costco's senior management are located in Washington." Declaration of Corinna Z. Jiang ("Jiang Decl.") ¶ 5, Dkt. 16 at 12. This is sufficient to establish that Costco is a citizen of Washington, thereby showing that there is complete diversity in this action. *See, e.g.*, *Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *4 (N.D. Cal. July 19, 2016) (defendant established headquarters were nerve center by declaring in connection with opposition to remand that "headquarters, including the offices of its executive officers and many of its key departments, is located in Atlanta"); *Galarpe v. United Airlines, Inc.*, No. 17-CV-06514-EMC, 2018 WL 348161, at *2 (N.D. Cal. Jan. 10, 2018) (allegations in notice of removal that defendant's "principal place of business is in the State of Illinois, which is where [defendant's] corporate headquarters and executive offices are located and where [defendant's] high-level officers direct, control, and coordinate its activities" sufficient to establish its citizenship and thereby complete diversity).

For these reasons, there is complete diversity of citizenship in this matter.

2.    <u>Amount in Controversy</u>

Cal. Code Civ. Proc. § 425.10(b) provides that "the amount demanded shall not be stated" in a complaint "where an action is brought to recover actual or punitive damages for personal injury." Consistent with this rule, the Complaint does not specify a particular amount of damages. *See generally* Dkt. 1-1. "When a complaint is filed in an action to recover damages for personal injury or wrongful death, the defendant may at any time request a statement setting forth the nature and amount of damages being sought." CCP § 425.11(b). Costco did so, and removed this action after receiving Plaintiff's Statement of Damages seeking at least $12,932.26 in special damages and $500,000 in general damages. Thus, the Notice of Removal asserts that the Statement of Damages establishes that the amount in controversy exceeds $75,000. Dkt. 1 ¶¶ 10-11.

In a declaration attached to the Motion, Plaintiff's counsel states that, "[o]n February 19, 2020, [Costco] faxed a meet and confer letter demanding Plaintiff respond to their previously served Statement of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02582 JAK (AFMx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Djavanpour Armen Amirkhanian v. Costco Wholesale Corporation | | |

Damages within 10 days or they would seek [a] court order, and request sanctions." Declaration of Peter Gezoukian ("Gezoukian Decl.") ¶ 6, Dkt. 12 at 12-13; *see* Ex. 5 to Gezoukian Decl., Dkt. 12-5 at 2-3. Plaintiff's counsel declares that "Plaintiff provided a speculative response to the Statement of Damages" on the same date "in order to avoid monetary sanctions." Gezoukian Decl. ¶ 7, Dkt. 12 at 13.

When a complaint filed in a state court is silent as to amount in controversy, a defendant seeking to remove that action must prove "by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 416 (9th Cir. 2018).

*Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002), held that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." Other courts in this Circuit have cited *Cohn* in support of the view that statements of damages made pursuant to Section 425.11(b) or other states' analogous procedural rules may similarly provide "relevant evidence of the amount in controversy" in personal injury actions. *See, e.g.*, *Romsa v. Ikea U.S. West, Inc.*, No. CV14-05552 MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014); *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *3 (W.D. Wash. Oct. 1, 2019) ("[A] statement of damages . . . is especially relevant evidence of how the plaintiff values their case."). "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a 'bold optimistic prediction.'" *Romsa*, 2014 WL 4273265, at *2 (quoting *Molina v. Lexmark Intern., Inc.*, No. CV 08-04796 MMM (FFMx), 2008 WL 4447678, *4 (C.D. Cal. Sept. 30, 2008)).

Through the Motion, Plaintiff maintains that the estimate of $500,000 in general damages set forth in the Statement of Damages was "a very bold and optimistic prediction." Dkt. 12 at 10. In support of this argument, Plaintiff contends that his responses to form interrogatories show that: (i) Plaintiff's past medical expenses totaled $12,932.26; (ii) "no healthcare provider has advised him that he may require future or additional treatment"; (iii) "he has no claim for past or loss of future earnings"; and (iv) "his only current complaint attributable to the accident" is "periodic right elbow pain." *Id.*; *see* Ex. 4 to Gezoukian Decl. (Plaintiff's Responses to Form Interrogatories, Set One, dated January 17, 2020), Dkt. 12-4 at 10-15.

The cited responses do not fully support most of the foregoing contentions. Plaintiff states that he has been charged $12,932.26 to date for medical expenses related to injuries that he attributes to the alleged fall, but "is in the process of collecting medical records and billing information." Ex. 4 to Gezoukian Decl., Dkt. 12-4 at 11-12. As to whether a healthcare provider has advised him that he may require future or additional treatment as requiring an expert opinion, Plaintiff objects to the request on the basis that it requires an expert opinion, but responds, "Not to [Plaintiff's] knowledge." *Id.* at 13-14. Plaintiff objects on the same basis as to whether he still has conditions that he attributes to the incident, and reports periodic "[r]ight elbow pain when lifting over 10 pounds [and] right knee pain when navigating stairs," which are not changing. *Id.* at 10-11. However, Plaintiff does not attribute any loss of income or future earning capacity to his injury, and states that he has been retired for 12 years. *Id.* at 6, 15.

*Cohn* also recognizes that, if a plaintiff "argue[s] that the demand was inflated and not an honest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02582 JAK (AFMx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Djavanpour Armen Amirkhanian v. Costco Wholesale Corporation | | |

assessment of damages," a settlement letter need not be given conclusive weight. *See* 281 F.3d at 840. District courts interpreting *Cohn* have found that "where a plaintiff takes steps to disavow a damages estimate, the estimate, standing alone, is insufficient to show that the requisite amount has been met." *Vitale v. Celadon Trucking Services, Inc.*, No. CV16-8535 PSG (GJSx), 2017 WL 626356, at *3 (C.D. Cal. Feb. 15, 2017) (collecting cases, including *Graybill v. Khudaverdian*, No. SA CV15-01627 CJC (JCGx), 2015 WL 7295378, at *4 (C.D. Cal. Nov. 17, 2015) (granting a motion to remand under *Cohn* where a plaintiff's counsel "immediately disavowed the demand as a sort of pie-in-the-sky settlement wish and not a serious evaluation of the value of his claim")); *but see Flores*, 2019 WL 4849488, at *4 ("[A] plaintiff might later disavow their statement and provide contrary evidence of the damages that they are claiming. . . . But those cases are likely to be rare. After all, a plaintiff who disavowed their statement of damages would essentially have to admit that they violated [the procedural rule].").

Plaintiff states that he "submitted a formal Demand for settlement and an Amended Statement of Damages below the jurisdictional limits" in light of "the relevant facts and information." Dkt. 12 at 10; *see* Ex. 10 to Gezoukian Decl., Dkt. 12-10 at 2-3 (formal notice of demand for $72,932.26, comprising $12,923.26 in medical expenses and $60,000 in "non-economic damages"); *id.* at 4-5 (Plaintiff's Amended Response to Request for Statement of Damages seeking "[m]edical, hospital, and related expenses in excess of $12,923.26" and $60,000 in general damages). In response, Costco argues that Plaintiff's "refus[al] to stipulate to remand in exchange for capping his damages at less than $75,000 . . . evinces his intent to evade federal jurisdiction but nevertheless seek more than $75,000 in this action." Dkt. 16 at 5; *see id.* at 10 (citing email correspondence between counsel at Ex. 1 to Gezoukian Decl., Dkt. 12-1 at 2). Costco has not cited any cases in support of this argument, and other courts in this Circuit have found it unpersuasive:

> Defendant also contends that [p]laintiff's refusal to stipulate to less than $75,000 in damages is evidence that the amount in controversy requirement is met. However, district courts throughout the Ninth Circuit have held that the amount in controversy cannot be established by a plaintiff's refusal to stipulate to less than the jurisdictional threshold. *See, e.g., Rindels v. Tyco Integrated Sec., LLC*, No. CV 14-6536, 2015 WL 469013, at *4 (C.D. Cal. Feb 4, 2015); *Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616, 2010 WL 2793650, at *4 (E.D. Cal. July 14, 2010).

> First, a plaintiff's stipulation, or lack of stipulation, serves no real purpose in evaluating the worth of his claims. *Bassel v. 4Access Communs. Co.*, No. 07cv2346, 2008 WL 2157005, at *3 (S.D. Cal. 2008). Further, if the Court were to find federal jurisdiction on the basis of a plaintiff's failure to stipulate to lesser damages, every defendant seeking removal "would force the plaintiffs to [choose] between stipulating against their future remedies and remaining in federal court." *Valle v. State Farm Mutual Auto. Ins.*, No. C 97-1659, 1997 WL 564047, at *2 (N.D. Cal. 1997). A plaintiff may reasonably refuse to stipulate to lesser damages to protect himself against sandbagging or unexpected hurdles in litigation, that could make his case unaffordable and impossible to pursue if his recovery were limited to $75,000. Accordingly, a refusal to stipulate is not a persuasive factor in determining the amount in controversy. *Rindels*, 2015 WL 469013 at *4.

> . . . . Thus, the Court does not find [p]laintiff's refusal indicative of the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02582 JAK (AFMx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Djavanpour Armen Amirkhanian v. Costco Wholesale Corporation | | |

controversy here. Accordingly, neither [p]laintiff's pre-litigation demand, nor his refusal to stipulate to seeking lesser damages provides persuasive evidence that the amount in controversy exceeds $75,000, and [d]efendant has not overcome the strong presumption against removal.

*Herlan v. Casentric, LLC*, No. 15CV913-MMA (RBB), 2015 WL 11658716, at *5 (S.D. Cal. July 10, 2015); *accord Keodalah v. Allstate Ins. Co.*, No. C15-01412 RAJ, 2016 WL 4543200, at *3 (W.D. Wash. Mar. 25, 2016).

*Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) reached the same conclusion, finding that the "plaintiff's offer to settle the action for $74,000 equally suggests that plaintiff values its claim as below the jurisdictional minimum." *Id.* at 1199 & n.2.

Plaintiff offered to settle his claims for $72,932.26. Ex. 10 to Gezoukian Decl., Dkt. 12-10 at 3. Plaintiff's contention that this amount was determined based on "the relevant facts and information" is conclusory as to the revised general damages estimate. However, the $500,000 in general damages set forth in the original Statement of Damages was not supported with any details. Nor has Costco presented evidence that the amount in controversy exceeds $75,000. Therefore, it has failed to establish by a preponderance of the evidence that damages exceed the jurisdictional minimum. *Cf. Jackson v. Target Corp.*, No. CV08-6814 RSWL (VBKx), 2008 WL 11339920, at *1-2 (C.D. Cal. Dec. 22, 2008) (denying remand where plaintiff's motion "does not address what amount, if any, of the damages she seeks for [her personal injury] claims" and "is careful to state that the $33,000 is only an estimate of loss earnings until the date of this hearing. In other words, there appears to be additional anticipated future loss of earnings, even if they are less than $500,000.").

3.   Request for Fees

Plaintiff seeks $8250 in attorney's fees incurred in connection with the Motion. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of attorney's fees and expenses is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Otherwise, a request for attorney's fees under § 1447(c) should be denied. *Id.* Where there is no objectively reasonable basis for removal, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Plaintiff argues that he is entitled to attorney's fees because Costco "refused to remand after being given the law." Dkt. 12 at 11 (citing Ex. 1 to Gezoukian Decl., Dkt. 12-1). In email correspondence attached to the Motion, Plaintiff's counsel rejected the argument by Costco's counsel "as to why the fall back 'nerve center' test applies as opposed to the 'place of operations' test." Plaintiff's counsel stated that he arrived at this conclusion after reviewing *Tosco*, which, as noted above, was abrogated by *Hertz*. Dkt. 12-1 at 2.

Costco argues that Plaintiff's fee request should be denied because "Costco removed this matter . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02582 JAK (AFMx) | | Date | August 17, 2020 |
|----------|--------------------------|---|------|-----------------|
| Title | Djavanpour Armen Amirkhanian v. Costco Wholesale Corporation | | | |

based on reasonable and good faith reliance on Plaintiff's Statement of Damages and his refusal to stipulate to cap his damages at less than $75,000." Dkt. 16 at 10. As noted above, Costco's argument regarding Plaintiff's refusal to stipulate to less than $75,000 in damages is not persuasive. Moreover, it appears that the parties' discussions regarding such stipulation occurred after the action was removed. *Id.* ("Costco offered to stipulate to the remand and obviate the need for this Motion should Plaintiff agree to stipulate that damages are capped at less than $75,000."); *see* Ex. 1 to Gezoukian Decl., Dkt. 12-1.

There is a ready answer to the question whether Costco's removal was objectively unreasonable. It was not. Plaintiff's Statement of Damages asserted a claim for $500,000 in general damages. Even if this were a "bold optimistic prediction," that Plaintiff presented it as part of the Superior Court proceedings, when counsel had obligations of good faith, shows that it warranted reliance by Defendant. *See Jackson*, 2008 WL 11339920, at *1 ("Defendant was given a Statement of Damages requesting $743,205. Upon receiving this Statement of Damages, Defendant filed a Notice of Removal. The Statement of Damages properly qualified as an 'other paper' giving notice that the case was removable. . . . While $743,205 might be a 'bold optimistic prediction' for this [personal injury] case, $75,000 is not."). Plaintiff did not disavow the Statement of Damages prior to removal.

Therefore, the request for an award of $8250 in attorney's fees is **DENIED**.[2]

## IV.    Conclusion

For the reasons stated in this Order, the Motion is **GRANTED IN PART** and the action remanded to the Los Angeles Superior Court at its Spring Street Courthouse (Case No. 19STCV38987). The Motion is **DENIED** with respect to Plaintiff's request for an award of attorney's fees.

**IT IS SO ORDERED.**

|  | : |  |
|--|---|--|
| Initials of Preparer | cw | |

---

[2] In light of this determination, it is unnecessary to assess the reasonableness of the amount of fees requested.